# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANTE GRAF,**

      Petitioner,

      v.                                               Case No. 14-C-1205

**DAVID CLARKE,**
**Sheriff of Milwaukee County,**

      Respondent.

# DECISION AND ORDER

Pro se Petitioner Dante Graf ("Graf"), a pretrial detainee being held in the Milwaukee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Graf states that he has been detained for over six months on state criminal charges in Case No. 14CF2358, and that the trial was adjourned on September 5, and 17, 2014.[1] He asserts that his constitutional right to a speedy trial is being violated and requests that his state criminal case be dismissed.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

---

[1] Graf also has a federal criminal case pending before this Court. *See United States v. Graf,* No. 13-Cr-54 (E.D. Wis.) After Graf failed to appear for a December 17, 2013, bond revocation hearing, an arrest warrant was issued on December 18, 2013. A detainer was lodged against Graf on April 17, 2014. (ECF No. 23.)

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241. *See also* Civ. L.R. 9(a)(2) (E.D. Wis.)

Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris,* 401 U.S. 37, 43 (1971); *Sweeney v. Bartow,* 612 F.3d 571, 573 (7th Cir. 2010); *United States v. Castor,* 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh,* 611 F.2d 673, 675 (7th Cir. 1979); *See also, Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999). Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991).

The general rule is that the detainee must proceed with his claims through regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction.

*Sweeney,* 612 F.3d at 573. To exhaust state court remedies, a petitioner must "use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Hirsch,* 66 F. Supp. 2d at 986 (citation omitted.) *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999), states that to exhaust state court remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including filing petition for discretionary review with state's highest court. *See id.; see also, Blanck v. Waukesha County,* 48 F.Supp. 2d 859, 860 (E.D. Wis. 1999).

The requirement that a § 2241 petitioner exhaust state court remedies is not specified in § 2241 but is a "judicially crafted" requirement based on comity. *Braden,* 410 U.S. at 490; *see also Neville,* 611 F.2d at 675. An exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id.* Speedy trial and double jeopardy claims are two recognized exceptions allowed under § 2241. *See Braden,* 410 U.S. 489-92. However, speedy trial claims are limited to those where the petitioner is trying to force a trial, *id.* at 489-90; *Hirsch,* 66 F. Supp. 2d at 987 (collecting cases), not the dismissal of a state criminal trial as untimely. Therefore, Graf's petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

The Court also declines to issue a certificate of appealability under

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen,* 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.,* 569 F.3d 665, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Graf's petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust his state remedies;

The Court **DECLINES TO ISSUE** a certificate of appealability;

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**